# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES-GENERAL

Case No.: **CV 18-10416-CJC (PLA)**                          Date: **January 22, 2019**

Title:  **Sherode Goodlow v. K. Clark, et al.**

---

PRESENT: THE HONORABLE     PAUL L. ABRAMS
                          UNITED STATES MAGISTRATE JUDGE

| Christianna Howard | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFF:                ATTORNEYS PRESENT FOR DEFENDANT(S):
           NONE                                              NONE

**PROCEEDINGS: (IN CHAMBERS) ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

On December 17, 2018, Sherode Goodlow ("plaintiff") filed in this Court a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 ("Complaint" or "Compl."), along with numerous exhibits. He was subsequently granted leave to proceed *in forma pauperis*. (ECF Nos. 1). Plaintiff, a prisoner housed in California State Prison at Corcoran, California, names as defendants correctional officers Clark and Silva in their official and individual capacities, as well as Warden Godwin and Warden Davey in their individual and official capacities. (Compl. at 3-4).

Plaintiff states that he is raising allegations of denial of medical care and mental health treatment, failure to provide treatment, and denial of protection from assault by other inmates, under the Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments. (Compl. at 5). Plaintiff requests that he be housed in a cell with no other inmate and that he receive monetary damages. (Compl. at 6).

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court has screened the Complaint prior to ordering service for the purpose of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). The Court's screening of the pleading under the foregoing statute is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); see also Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (in determining whether a complaint should be dismissed under the PLRA, courts apply the standard of Rule 12(b)(6) of the Federal Rules of Civil Procedure). Further, with respect to a plaintiff's pleading burden, the Supreme Court has held that: "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 668, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" (internal citation omitted)).

The Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. See Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, it is particularly important in a civil rights case filed by a *pro se* inmate to attempt to ascertain plaintiff's claims to protect his access to the courts. See Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013) (the rule that courts liberally construe filings by *pro se* litigants, especially in civil rights cases filed by inmates, "relieves *pro se* litigants from the strict application of procedural rules"); Pouncil v. Tilton, 704 F.3d 568, 575-76 (9th Cir. 2012) (the rule of liberal construction "protects the rights of *pro se* litigants to self-representation and meaningful access to the courts"); Alvarez v. Hill, 518 F.3d 1152, 1158 (9th Cir. 2008) (because a prisoner was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). In addition, the Court may not dismiss a claim because a *pro se* plaintiff has failed to set forth a complete legal theory supporting the claim alleged. See Johnson v. City of Shelby, 135 S. Ct. 346, 346, 190 L. Ed. 2d 309 (2014) (*per curiam*) (noting that the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted"). That said, the Supreme Court has made it clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004). Further, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004).

After careful review of the Complaint under the foregoing standards, the Court finds that, as discussed in more detail below, the Complaint is deficient and must be dismissed with leave to amend. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a *pro se* litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment).

A complaint must comply with Rules 8(a) and 8(d) of the Federal Rule of Civil Procedure:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a) (emphasis added). Furthermore, "[e]ach allegation **must be simple, concise, and direct**. No technical form is required." Fed. R. Civ. P. 8(d)(1) (emphasis added). Although the Court must construe a pro se plaintiff's pleadings liberally, plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. See, e.g., Brazil v. U.S. Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (complaint must give defendants fair notice of the claims against them). If plaintiff fails to clearly and concisely set forth allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the complaint fails to comply with Rule 8. See, e.g., McHenry v. Renne, 84 F.3d 1172, 1177-79 (9th Cir. 1996); Nevijel v. Northcoast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981). Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit. See McHenry, 84 F.3d at 1179; Nevijel, 651 F.2d at 673.

First, the Complaint does not clearly and specifically state the claims that plaintiff is raising pursuant to any legal theory; instead, he simply references multiple legal theories labeled as Claim 1. (Compl. at 5). He also fails to specify what defendant he is intending to raise any of his multiple "claims" against, and fails to mention any specific date that any alleged civil rights violation occurred. (Compl. at 2-3, 5). Additionally, the Complaint fails to set forth any factual allegations that any individual took any affirmative action, participated in another's affirmative action, or failed to perform an action that he or she was legally required to do that **caused** a specific constitutional deprivation. Plaintiff's statement of his "claims" are not sufficient to state a plausible claim against any defendant. To the extent that plaintiff wishes to raise a federal civil rights claim or claims against any specific defendant, he must set forth a short and plain statement of each claim separately, specifying which defendant is being sued on what legal theory, and what facts support the claim or claims. Although plaintiff need not set forth detailed factual allegations, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp., 550 U.S. at 555-56). A pleading that merely alleges "naked assertion[s] devoid of further factual enhancement" is insufficient. Id. (alteration in original, internal quotation marks omitted). In its present format, the Complaint does not contain any factual allegations to support any federal civil rights claim against any defendant.

Second, although plaintiff has attached a large stack of documents to his Complaint, the Complaint fails to reference any of them or explain their significance. Simply attaching unexplained exhibits to the Complaint does not satisfy Rule 8's requirement that claims be stated simply, concisely, and directly. To the contrary, plaintiff's Complaint apparently would require the Court (and defendants) to comb through his exhibits in order to even guess at his claims. The Court will not do this because it is for plaintiff -- not the Court -- to formulate his claims. In short, while the Court must liberally construe plaintiff's Complaint, it will not piece it together for him.

Third, plaintiff names all of the defendants in their official as well as in their individual capacities. In Will v. Mich. Dep't Department of State Police, 491 U.S. 58, 64-66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989), the Supreme Court held that states, state agencies, and state officials sued in their official capacities are not persons subject to civil rights suits under 42 U.S.C. § 1983. Additionally, the Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State consents to waive its sovereign immunity or Congress abrogates it. Pennhurst St. School & Hosp. v. Halderman, 465 U.S. 89, 99-100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court. See BV Eng'g v. U. of Cal., 858 F.2d 1394, 1396 (9th Cir. 1988); see also Atascadero St. Hosp. v. Scanlon, 473 U.S. 234, 241, 105 S. Ct. 3142, 87 L. Ed. 2d 171 (1985) (holding that Art. III, § 5 of the California Constitution does not constitute a waiver of California's Eleventh Amendment immunity). Finally, Congress has not repealed State sovereign immunity against suits under 42 U.S.C. § 1983. Accordingly, any state agency is immune from all civil rights claims raised pursuant to § 1983. See Pennhurst, 465 U.S. at 100 ("This jurisdictional bar applies regardless of the nature of the relief sought."); Alabama v. Pugh, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978) (per curiam) (the Eleventh Amendment bars claim for injunctive relief against Alabama and its Board of Corrections). Further, the Eleventh Amendment "bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, i.e., money damages." Bair v. Krug, 853 F.2d 672, 675 (9th Cir. 1988). Accordingly, all of the defendants who are sued in their official capacities are entitled to immunity.

Fourth, to the extent plaintiff may be attempting to assert a claim against the Warden defendants in their official capacity as supervisors, his claim fails. Supervisory personnel are not liable under § 1983 on a theory of respondeat superior. See, e.g., Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). In Iqbal, the Supreme Court reaffirmed that: "Government officials may not be held liable for the

unconstitutional conduct of their subordinates under a theory of respondeat superior." Iqbal, 556 U.S. at 676. The Ninth Circuit subsequently has concluded that, at least in cases where the applicable standard is deliberate indifference, Iqbal does not foreclose a plaintiff from stating a claim for supervisory liability based upon the "supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). Thus, under Starr:

> A defendant may be held liable as a supervisor under § 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." "[A] plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right."
>
> "The requisite causal connection can be established . . . by setting in motion a series of acts by others," or by "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others."

Starr, 652 F.3d at 1207-08 (internal citations omitted, alterations and internal quotation marks in original).

Here, as previously discussed, plaintiff has failed to clearly and concisely set forth any factual allegations sufficient to provide either of the Wardens with notice of the factual allegations against them in their capacity as a supervisor sufficient to state a federal civil rights violation. That is, the Complaint does not allege that the Wardens "set[] in motion a series of acts" that they "knew or reasonably should have known" would cause their subordinates to inflict a constitutional injury. See Starr, 652 F.3d at 1207-08.

Additionally, in order to state a federal civil rights claim against a particular *individual* defendant, plaintiff must allege that a specific defendant, while acting under color of state law, deprived him of a right guaranteed under the United States Constitution or a federal statute. See West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that **causes** the deprivation of which [the plaintiff complains].'" Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis and alteration in original)). As the Supreme Court has made clear, plaintiff must plead "more than labels and conclusions." Bell Atl. Corp., 550 U.S. at 555. Thus, even though plaintiff named the Wardens in their individual capacities, he has set forth no factual allegations that they took an affirmative action, participated in the action of another, or failed to take an action that they were legally required to do that *caused* a constitutional violation.

Therefore, the Court finds that plaintiff's Complaint fails to state a federal civil rights claim on which relief may be granted against any of the defendants in their official or individual capacities.

Because plaintiff is proceeding *pro se* in this civil rights action, and because this ruling marks the first time the Court has addressed the sufficiency of plaintiff's claims against defendants, the Court will provide him with the opportunity to amend.

**Based on the above, plaintiff's Complaint is dismissed with leave to amend. If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than February 22, 2019, remedying the deficiencies discussed herein. Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed without further leave to amend and with prejudice.[1]**

The First Amended Complaint must bear the docket number assigned in this case; be labeled "**First** Amended Complaint"; and be complete in and of itself without reference to the original Complaint, or any other pleading, attachment or document. Each claim plaintiff alleges must clearly set forth which defendant(s) is alleged to be responsible for the alleged violation, and clearly and concisely reference the factual allegations that are relevant to that claim. Further, if plaintiff chooses to proceed with this action, plaintiff must use the blank Central District civil rights complaint form accompanying this order, must sign and date the form, **must completely and accurately fill out the form**, and must use the space provided in the form to set forth all of the claims that he wishes to assert in a **First** Amended Complaint.

The Clerk is directed to provide plaintiff with a blank Central District civil rights complaint form.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED**.


cc:     Sherode Goodlow, pro se




Initials of Deputy Clerk _____ch_____

---

[1]     Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as *dispositive* of that claim. Accordingly, while this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or any defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.